UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP STOWE, #856404,

        Petitioner,

v.

        CASE NO. 2:15-CV-12057
        HONORABLE NANCY G. EDMUNDS

PAUL KLEE,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.   Introduction**

Michigan prisoner Phillip Stowe ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal sentences. Petitioner pleaded no contest to four counts of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(2)(b), in the Macomb County Circuit Court and was sentenced to concurrent terms of 10 to 15 years imprisonment in 2012. In his pleadings, Petitioner asserts that the state trial court erred in departing above the recommended minimum range of the state sentencing guidelines.

Promptly after the filing of a habeas petition, a federal district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief,

the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court finds that Petitioner is not entitled to federal habeas relief.

## II.     Facts and Procedural History

Petitioner's convictions arise from his improper sexual conduct with young family members. The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant is a grandfather who sexually molested a number of children in his family. He digitally penetrated his 13–year–old granddaughter several times over three years, rubbed his 10–year–old great niece's breasts on three occasions, and attempted to molest his 8–year–old granddaughter. In November 2012, the Macomb County prosecutor's office charged him with four counts of violation of MCL 750.520(C)(1)(a), to which he pled no contest.[FN1] The trial court sentenced him to 10 to 15 years on each count, which was an upward departure from the sentencing guideline's recommendation of a sentence range from 43 to 86 months. It explained that the upward departure was warranted because of the severity of defendant's

2

crimes, particularly his exploitation of his familial relationships with the young victims.

> FN1. Defendant was also convicted in Oakland County for two counts of CSC II involving a child under the age of 13, and sentenced to 15 to 100 years in prison.

*People v. Stowe*, No. 315215, 2014 WL 4055838, *1 (Mich. Ct. App. Aug. 14, 2014) (unpublished).

Following his plea and sentencing, Petitioner filed an appeal with the Michigan Court of Appeals asserting that he should be resentenced because the trial court did not provide substantial and compelling reasons to explain how the upward departure was proportionate to his conduct and criminal history and his sentence was disproportionate to his crimes. The Michigan Court of Appeals denied relief on those issues and affirmed his sentences. *Id.* at *1-2. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Stowe*, _ Mich. _, 861 N.W.2d 904 (2015).

Petitioner thereafter filed his federal habeas petition raising the following claim:

> [He] is entitled to resentencing where the trial court exceeded the sentencing guidelines in violation of his state and federal right to due process where there were no substantial and compelling reasons for an upward departure and when the court did not articulate nor establish whey the upward departure sentences imposed were proportionate to these offenses and this offender.

Pet., p. 4.

### III.    Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed

his petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996). Additionally, a federal habeas court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

**IV. Analysis**

Petitioner asserts that he is entitled to habeas relief and should be resentenced because the state trial court erred in departing above the recommended minimum range of the state sentencing guidelines. The Michigan Court of Appeals ruled that the trial court properly explained its reasons for the upward sentencing departure (his position of authority and familial relationship with the victims), that the trial court indicated that the sentencing guidelines did not provide a proportionate penalty to fit his conduct, and that the trial court was not required to explicitly mention prior criminal history in imposing sentence. *Stowe*, 2014 WL 4055838 at *1-2.

The state court's decision is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas

4

review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximum of 15 years imprisonment. MICH. COMP. LAWS § 750.520c(2)(b). Sentences imposed within the statutory limits are generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745; *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

      Petitioner's claim challenging the trial court's upward departure from the recommended minimum sentencing range is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Austin v. Jackson*, 213 F.3d 298, 300-01 (6th Cir. 2000) (state court did not abuse its discretion nor violate federal due process by imposing a sentence above the state sentencing guidelines); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009) (denying habeas relief on sentencing departure claim). Any alleged error in departing from the recommended minimum guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal

court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner thus fails to state a claim upon which federal habeas relief may be granted.

Similarly, to the extent that Petitioner asserts that his sentences are disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin*, 213 F.3d at 300. Petitioner is also not entitled to relief on any claim that his sentences are disproportionate or constitute cruel and unusual punishment under federal law. The United States Constitution and the Eighth Amendment do not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (internal citation omitted). Petitioner's sentences are within the statutory maximums. The state trial court acted within its discretion in imposing his sentence and there is no extreme disparity between his crimes and sentences so as to offend the Eighth Amendment. Habeas relief is not warranted on this claim.

Lastly, the Court notes that a sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (citing *Townsend*); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United*


*States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. Habeas relief is not warranted on the basis of the state trial court's sentencing decision.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims and that his habeas petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. A certificate of appealability is not warranted. Nor should Petitioner be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed in forma pauperis on appeal is **DENIED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  June 15, 2015